UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

-------------------------------------------------------------X
TAMIKA BRAY                                     ) Index:
                                                )
       Plaintiff                                )
                                                )
v.                                              )
                                                )
Lee May, *as interim CEO of the DeKalb County*  )
*Government*, Zack Williams, *as chief operating* )
*Officer of the DeKalb County Government,*      )
Hari Karikaran *as DeKalb County Public Works*  )     1 14-CV-3664
*Commissioner*, George Smith *as Deputy Director* )
*Of Facilities for the DeKalb County Government,* )
Tony Banks *as plaintiff's Supervisor* and Usha )
Cuadill *as administrative assistant to the*    )
*DeKalb County Solicitor General*               )
                                                )
                                                )
       Defendants                               )
-------------------------------------------------------------X

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, 42 USC § 2000 e

*et seq.* and O.C.G.A. 45-19-20 the Georgia Fair Employment Practices Act by the

self-represented plaintiff, Tamika Bray.

### JURISDICTION., VENUE

This court has jurisdiction under Title VII of the Civil Rights Act of 1964 and

pursuant to 28 USC § 1331 because it arises under the laws and Constitution of

the United States. Venue is correct because the plaintiff is employed by the

DeKalb County Government which is located within this district. The plaintiff received a "right to sue" letter from the EEOC on August 15, 2014, and 90 days have not expired since the receipt of that letter,

## THE PARTIES

**Tamika Bray** is an African-American female. As such she is a member of a protected class pursuant to the above statutes. She resides at 3644 River Heights, Ellenwood, Ga. 30294.

**Lee M. May** is CEO of DeKalb County Government. He can be served at the DeKalb County Government offices at 1300 Commerce Drive, Decatur, Ga.

**Zack Williams** is chief operating officer of DeKalb County Government. He can be served at the DeKalb County Government offices at 1300 Commerce Drive, Decatur, Ga.

**Hari Karikaran** is DeKalb County Public Works Commissioner. He can be served at the DeKalb County Government offices at 1300 Commerce Drive, Decatur, Ga.

**George Smith** is Deputy Director of Facilities for the DeKalb County Government. He can be served at the DeKalb County Government offices at 1300 Commerce Drive, Decatur, Ga.

**Tony Banks** was Ms. Bray's immediate supervisor. He can be served at the DeKalb County Government offices at 1300 Commerce Drive, Decatur, Ga.

**Usha Cuadill** is administrative assistant to the DeKalb County Solicitor General. She can be served at the DeKalb County Government offices at 1300 Commerce Drive, Decatur. Ga.

## THE FACTS

Ms. Bray was employed by the DeKalb County government, until June of 2014. as a "Senior Crew Worker " She alleges in this action that in retaliation for her complaints that she was being sexually harassed, the DeKalb County government created a hostile work environment requiring her to endure the offensive conduct became was a condition of continued employment, and that the conduct is so severe or pervasive as to create a work environment that a reasonable person would consider intimidating, hostile, and abusive, with the intent of forcing her to leave her position.

She alleges that while such harassment has been long-standing, it accelerated around March of 2013, after the filed a formal complaint with Human Resources Department. She has been the object of discriminatory practices in which she has been treated differently that other male workers, including but not limited to, Ricky Horn and Robert Benson, has been deprived of the tools and equipment necessary to do her job, and constantly harassed by her superiors and that such treatment is motivated by her sex and in retaliation for her complaints.

She has twice been terminated. On the first occasion, she was reinstated after producing a doctor's note for her absence. She was fired a second time on June 13, 2014. Her Title VII complaint to the EEOC about that firing has not been concluded and the commission has not issued a right to sue letter.

This action is brought without prejudice to any claims she may have pending in that action.

She alleges that each of the above defendants knew about the sexual harassment and unequal retaliatory treatment and did nothing about it, or acted affirmatively to injure her.

As examples of how she has been harassed and treated differently than male co-workers, Ms. Bray alleges:

¶ She has been the target of sexual propositions and comments of sexual overtones, which the County government tolerated.

¶ She is forced to drive her own car, which similarly situated males are provided with county vehicles. She is not compensated for the gas, mileage, insurance and other costs of operation her own vehicle. In response to a complaint about this, a co-worker was assigned to drive her to work, but never did.

¶ Unlike male workers, she has not been given keys to the buildings where she is supposed to work. She has been the victim of negative and defamatory comments from supervisors as to why she is not trusted with keys. Because she is

frequently locked out of buildings she is supposed to enter to work, she is forced to stand outside in inclement weather injurious to her health and has been unable to "clock in" even though present for work, resulting in false claims she was absent.

¶ Male workers are given County cell phones for use on their jobs, but she has not been provided with one. This has resulted in loss of overtime income because she has not been able to communicate with her superiors and the inability to communicate when she is present for work, but actually locked out.

¶ Male workers are provided with safety equipment such as but not limited to steel toed shoes, but she alone has not been given them, and subjected to derogatory comments such as "We don't have this equipment in girly sizes."

¶ Unlike male co-workers, she is not given a permanent assignment but forced to work as a "floater" exacerbating her transportation and entrance key problems.

### AS AND FOR A FIRST CAUSE OF ACTION
### VIOLATION OF TITLE VII

Plaintiff repeats and re-alleges the allegations set forth above as if more fully set forth below.

The actions of the defendants violate Ms. Bray's rights guaranteed pursuant to Title VII of the Civil Rights Act of 1964, 42 USC § 2000 e.

### AS AND FOR A SECOND CAUSE OF ACTION
### VIOLATION OF O.C.G.A. 45-19-20

Plaintiff repeats and re-alleges the accusations set forth above as of more fully set forth below.

The action of the defendants violates Ms. Bray's rights pursuant to O.C.G.A. 45-19-20, the Georgia Fair Employment Practices Act.

She alleges these actions are because of her sex and in retaliation for discrimination complaints she has made.

As a direct, proximate and foreseeable consequence of these actions, and the detrimental attitude of DeKalb County government, Ms. Bray has suffered and continues to suffer extreme and painful emotional injuries, including depression, loss of sleep and appetite, and loss of reputation, embarrassment, and humiliation.

**WHEREFORE,** Plaintiff respectfully prays that:

a. She be awarded compensatory damages of at least $10,000.

b. Because these actions were intentional, and to deter the defendants from similar actions in the future, punitive damages of $50,000.

c. That the defendants be directed to correct their employment practices insofar as they violate Ms. Bray's rights to equal protection.

d. A jury trial to the maximum extent permitted under the Federal constitution.

e. Together with such other and further relief as the court deems just.

Respectfully,

*[signature]*

Tamika Bray, plaintiff pro se

Dated: November 10, 2014